1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL DOVGAN,

11            Plaintiff,                    CIV. NO. S- 11-0271 GEB GGH PS

12       vs.

13   BANK OF AMERICA, N.A., et al.,

14            Defendants.                ORDER AND
     _____/
15                                       ORDER TO SHOW CAUSE

16            Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to

17   Local Rule 72-302(c)(21).  Defendant Bank of America's motion to dismiss is presently noticed

18   for hearing on the March 17, 2011, law and motion calendar of the undersigned.  Opposition to

19   motions, or a statement of non-opposition thereto, must be filed fourteen days preceding the

20   noticed hearing date.  E.D. Cal. L. R. 78-230(c).  Court records reflect that plaintiff failed to file

21   opposition or a statement of non-opposition to the motion.

22            Failure to comply with the Local Rules "may be grounds for imposition by the

23   Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

24   Court."  E.D. Cal. L. R. 11-110; see Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

25   Additionally,  "[n]o party will be entitled to be heard in opposition to a motion at oral arguments

26   \\\\\

if written opposition to the motion has not been timely filed." E.D. Cal. L. R. 78-230(c).[1]  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986).  The Local Rules specifically provide that cases of persons appearing in propria persona who fail to comply with the Federal and Local Rules are subject to dismissal, judgment by default, and other appropriate sanctions.  E.D. Cal. L. R. 83-183.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing date of March 17, 2011 is vacated and the matter will be taken under submission at the expiration of the new date to file opposition.

2.  Plaintiff shall show cause, in writing, no later than March 24, 2011 why sanctions should not be imposed for failure to timely file opposition or a statement of non-opposition to the pending motion.

3.  Plaintiff is directed to file opposition, if any, to the motion, or a statement of non-opposition thereto, no later than March 24, 2011.  Failure to file opposition and appear at hearing, or to file a statement of non-opposition, will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

DATED: March 10, 2011

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Dovgan0271.vac.wpd

---

[1]  Moreover, failure to appear at hearing may be deemed withdrawal of opposition to a motion or may result in sanctions.  E.D. Cal. L. R. 78-230(j).