IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DOVGAN,

    Plaintiff,　　　　　　　　　　　　CIV. NO. S- 11-0271 GEB GGH PS

  vs.

BANK OF AMERICA, N.A., et al.,

    Defendants.　　　　　　　　　　　ORDER AND
　　　　　　　　　　　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS
_____/

INTRODUCTION AND BACKGROUND

        Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to Local Rule 72-302(c)(21). Pending before the court is defendant Bank of America's motion to dismiss, filed February 8, 2011. When plaintiff did not file an opposition to the motion, the undersigned issued an order to show cause for his failure to oppose the motion, and ordered plaintiff to file an opposition or statement of non-opposition by March 24, 2011. Plaintiff was warned that failure to file an opposition or to file a statement of non-opposition, would be deemed a statement of non-opposition, and would result in a recommendation that this action be dismissed. On March 24, 2011, plaintiff filed a response to the order to show cause but did not file an opposition or statement of non-opposition. The response states only that plaintiff was not served with the motion to dismiss and that he is under a stay imposed by the Bankruptcy Court.

Therefore, he contends, this court has no jurisdiction to hear this matter. It appears that plaintiff was not served with the original motion, but was properly served on April 4, 2011. (Dkt. #s 13, 16.) Plaintiff has not filed an opposition since being served with the motion.

EFFECT OF BANKRUPTCY STAY

Plaintiff confuses his defensive "stay" rights with the law that governs when a bankrupt debtor files his own actions. Court records indicate that plaintiff indeed has a bankruptcy petition pending in the Bankruptcy Court in this district. In re Dovgan, Ch. 7 Case No. 11-21738 (Bankr. E.D. Cal. 2011).[1] Pending causes of action are among the "legal or equitable interests" that become the property of a bankruptcy estate upon filing a bankruptcy petition. See 11 U.S.C. § 541(a)(1) (the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); see also Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir.1986) (even personal injury claims are part of the bankruptcy estate whether or not transferable or assignable under state law).

In light of that filing, and because plaintiff has not indicated that the bankruptcy trustee has abandoned the claims against defendants, plaintiff has no standing to prosecute the instant action. See Manlangit v. Nat'l City Mortg., 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (upon declaration of bankruptcy, all of petitioner's property becomes the property of the bankruptcy estate, included causes of action, and absent abandonment by trustee, bankruptcy petitioner loses standing for any causes of action). Therefore, the action should be dismissed on this basis.

DISMISSAL FOR FAILURE TO OPPOSE THE MOTION

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed. In sum, the court now has had much experience resolving pro se cases brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result on the merits, that the law does not provide a remedy for this unfortunate situation.

1  DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.

2          There is no record that Defendant Northwest Trustee Services, Inc. has been
3  served.  Therefore, the court will recommend that the entire action be dismissed because the
4  arguments made on behalf of the moving defendant are equally applicable to this remaining
5  defendant.  See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir.1981) (court may
6  enter sua sponte dismissal as to defendants who have not moved to dismiss where such
7  defendants are in a position similar to that of moving defendants); see also Columbia Steel
8  Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.1995) (sua sponte dismissal
9  appropriate as to defendants who have not been served).

10 CONCLUSION

11         Good cause appearing, IT IS HEREBY ORDERED that: the order to show cause,
12 filed March 10, 2011, is discharged.

13         IT IS HEREBY RECOMMENDED that:

14         1. Defendant Bank of America's motion to dismiss, filed February 8, 2011, be
15 granted; and

16         2. This action be dismissed with prejudice pursuant to Federal Rule of Civil
17 Procedure 41(b).

18         These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
20 fourteen (14) days after being served with these findings and recommendations, any party may
21 file written objections with the court and serve a copy on all parties.  Such a document should be
22 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
23 objections shall be served and filed within fourteen (14) days after service of the objections.  The
24 \\\\
25 \\\\
26 \\\\

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED:05/13/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

6 GGH:076
Dovgan0271.fr.wpd